UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-00190-TBR

BOBBY MOSS                                                       Plaintiff

v.

PENNRYILE RURAL ELECTRIC COOPERATIVE CORPORATION      Defendant

### ORDER

This matter is before the Court upon Defendant's "Motion to Transfer from the Bowling Green Jury Division to the Paducah Jury Division." (Docket No. 13.) Plaintiff has responded and objects to Defendant's Motion. (Docket No. 20.)

Local Rule 8.1(a) requires a party commencing a civil action to include in his complaint the defendant's county of residence. Local Rule 3.2(a)(1) provides that "[i]f all defendants reside in the same jury division, the case is assigned to the jury division where all defendants reside." Local Rule 3.2(d) goes on to establish that "[a] corporation is a resident of the county in which it has its principal place of business." The Supreme Court interprets "principal place of business" to mean: "the place where a corporation's officers direct, control, and coordinate the corporation's activities"—*i.e.*, its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Finally, Local Rule 3.2(f) provides that "[a]ny civil action or proceeding may, in the discretion of the Court, be transferred from the jury division in which it is pending to any other division for the convenience of the Court, parties, witnesses, or in the interest of justice."

Plaintiff's Complaint does not identify the Defendant's county of residence as required by Local Rule 8.1(a); instead, Plaintiff merely states that "both the Plaintiff and Defendant reside in this district." (Docket No. 1, at 1.) In support of its instant Motion, Defendant has submitted the affidavit of its President and CEO, Eston Glover, in which Glover states that Defendant's principal place of business is in Hopkinsville, Christian County, Kentucky. (Docket No. 13-1, at 1.) Glover's affidavit further reflects that the "nerve center" of Defendant's operations is in Christian County, as are most of its employees. (*See* Docket No. 13-1.) Despite objecting to Defendant's Motion, Plaintiff does not appear to dispute that Defendant's principal place of business is, in fact, in Christian County. (*See* Docket No. 20, at 2-3.)

Upon considering Defendant's Motion and Glover's affidavit, the Court is satisfied that Defendant's principal place of business—and thus its residence for purposes of Local Rule 3.2(d)—is in Christian County. Under Local Rule 3.1(b)(4), Christian County is in the Paducah jury division. Therefore, the Court concludes that the proper jury division for this action is in Paducah, not Bowling Green. As such;

IT IS HEREBY ORDERED that Defendant's Motion to Transfer, (Docket No. 13), is GRANTED, and this action shall be transferred from the Bowling Green jury division to the Paducah jury division.

IT IS SO ORDERED.

Date:

cc: Counsel